# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INGENIERIA ALIMENTARIA del MATATIPAC, S.A. de C.V.,<br><br>                                    Plaintiff,<br>vs.<br><br>OCEAN GARDEN PRODUCTS, INC., a California corporation, and DOES 1 to 10, inclusive,<br><br>                                   Defendant. | CASE NO. 06CV2400 WQH (POR)<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR IMPROPER VENUE |

HAYES, Judge:

       Pending before the Court is Defendant Ocean Garden Products, Inc.'s motion to dismiss for improper venue. (Doc. # 5).

## PROCEDURAL BACKGROUND

       On October 30, 2006, Plaintiff Ingenieria Alimentaria del Matatipac, S.A. de C.V. filed the Complaint in this matter, and asserted state law claims for (1) breach of contract, (2) breach of implied covenant of good faith and fair dealing, (3) open book account, (4) account stated, (5) statutory unfair competition, (6) intentional misrepresentation, (7) negligent misrepresentation, (8) interference with existing contractual relation, and (9) intentional interference with prospective economic advantage against Defendant Ocean Garden Products, Inc. (Doc. # 1). On November 21, 2006, the parties filed a joint motion to extend the time for Defendant to answer, (Doc. # 3), and on November 28, 2006, the

Court granted the joint motion. (Doc. # 4). On December 22, 2006, Defendant moved to dismiss the Complaint for improper venue pursuant to FED. R. CIV. P. 12(b)(3). (Doc. # 5).

## FACTS

Plaintiff Ingenieria Alimentaria del Matatipac, S.A. de C.V. is a Mexican corporation formed under the laws of and domiciled in Tepic, Nayarit, Mexico. Declaration of David R. Clark, Ex. A at 4. Plaintiff operates an aquicultural farm in San Blas, Mexico where Plaintiff breeds shrimp. Clark Decl., Ex. A. at 4-5. Defendant Ocean Garden Products, Inc. is an American corporation formed under the laws of the State of California. Declaration of Frank J. Barrancotto, ¶ 2. Defendant "purchases shrimp from many Mexican shrimp producers for resale in the United States and other countries." Barrancotto Decl., ¶ 2.

On approximately March 31, 2004, and July 13, 2005, Plaintiff and Defendant entered into agreements (the 2004 Agreement & the 2005 Agreement) which created relationships between the parties for the 2004/2005 and 2005/2006 shrimp seasons. Barrancotto Decl., ¶¶ 3-4. Pursuant to both the 2004 and 2005 Agreements, Plaintiff agreed to sell approximately 1,000,000 pounds of shrimp to Defendant, and Defendant agreed to buy approximately 1,000,000 pounds of shrimp from Plaintiff. Clark. Decl., Exs. A, B. The 2004 Agreement included a forum selection clause, which provided:

> **SIXTEENTH. Applicable Legislation and Jurisdiction.** For all matters concerning the construction and performance of this agreement, the parties expressly submit to the Laws of Mexico and the Jurisdiction of the Federal Courts of Mexico, waiving the protection of any other domicile, whether present or future, to which they might be entitled pursuant to Mexican or United States law.

Clark Decl., Ex. A at 11. The 2005 Agreement included a forum selection clause, which provided:

> **TWENTY SECOND. Applicable Law and Jurisdiction.** For all the effects and purposes of interpreting and complying with this contract, the parties shall abide by the Laws that correspond to this matter in the United Mexican States or in the United States of America at the discretion of the company and to the jurisdiction of the Tribunals of MAZATLAN, SINALOA, waiving the jurisdiction of any other present or future domicile that could correspond to them according to the these Laws.

Clark Decl., Ex. B at 32. Defendant presented both the 2004 and 2005 Agreements to Plaintiff on a "take it or leave it basis," and Plaintiff did not have an opportunity to negotiate the terms of either Agreement. Declaration of Marco Valdes, ¶¶ 3-4.

Defendant refused to receive all the shrimp it contracted to receive under the 2004 and 2005 Agreements. Valdes Decl., ¶ 5. Defendant also refused to pay for some of the shrimp it received

1  pursuant to the 2004 and 2005 Agreements. Valdes Decl., ¶ 5. Defendant contends that the shrimp
2  it rejected did meet contractual quality standards. Arturo Carlos Declaration, ¶ 4. Plaintiff contends
3  that "[a]ll of the shrimp harvested and procured for [Defendant] pursuant to the Contracts was of
4  excellent quality." Valdes Decl., ¶ 9.

## STANDARD OF REVIEW

6  A motion to dismiss premised on the enforcement of a contractual forum selection clause is
7  properly brought as a motion to dismiss for improper venue pursuant to FED. R. CIV. P. 12(b)(3).
8  *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996); *Farries v. Imperial Majesty
9  Cruise Line*, No. C-06-1656 (JCS), 2006 U.S. Dist. LEXIS 95211, *10 (N.D. Cal. Aug. 24, 2006).
10 In ruling on a motion to dismiss for improper venue pursuant to Rule 12(b)(3), a district court need
11 not accept the pleadings as true, and may consider facts outside of the pleadings. *Murphy v. Schneider
12 National Inc.*, 362 F.3d 1133, 1137 (9th Cir. 2003). However, where there are factual disputes, the
13 district court "must draw all reasonable inferences in favor of the non-moving party and resolve all
14 factual conflicts in favor of the non-moving party." *Id.* at 1138. A district court may, within its sound
15 discretion, hold an evidentiary hearing in support of a motion to dismiss for improper venue. *Id.* at
16 1140. Where a district court does not hold an evidentiary hearing, "fact issues pertinent to the
17 enforceability of the forum selection clause are to be viewed in the light most favorable to . . . the
18 non-moving party. *Id.* In diversity cases, "federal law governs the analysis of the effect and scope
19 of forum selection clauses." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 497 (9th Cir. 2000); *see
20 also Manetti-Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509, 512-13 (9th Cir.1988).

## DISCUSSION

22 Defendant moves to dismiss the Complaint for improper venue on the grounds that the parties
23 contractually agreed to bring all suits related to the 2004 and 2005 Agreements in Mexico. Defendant
24 cites the forum selection clauses in the 2004 and 2005 Agreements in support, and notes that venue
25 in Mexico is not only required under the Agreements, but equally appropriate given that Plaintiff is
26 a Mexican corporation.

27 Plaintiff does not challenge or reject Defendant's interpretation of the forum selection clauses.
28 Indeed, Plaintiff appears to concede that the forum selection clauses are mandatory and require venue

1  in Mexico. However, Plaintiff contends that the 2004 and 2005 Agreements are contracts of adhesion,
2  and that Plaintiff did not have the ability to negotiate the terms of the Agreements. As a result,
3  Plaintiff contends that the forum selection clauses are unreasonable. Plaintiff further contends that
4  it will "lose its day in court" if it is forced to litigate this matter in Mexico. Plaintiff's Opposition to
5  Defendant's Motion to Dismiss at 9.

6  **I. Enforcement of the Forum Selection Clauses**

7  "[I]n light of the present-day commercial realities and expanding international trade," a
8  contractual forum selection clause should control "absent a strong showing that it should be set aside."
9  *Holland America Line, Inc. v. Wartsila North America, Inc.*, ___ F.3d ___, No. 05-35572, 2007 U.S.
10  App. LEXIS 10797, *11 (9th Cir. May 7, 2007); *citing M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S.
11  1, 15 (1972). Indeed, a forum selection clause is presumptively valid, and "the party challenging the
12  clause bears a 'heavy burden of proof' and must 'clearly show that enforcement would be
13  unreasonable and unjust, or that the clause was invalid for such reasons as fraud or over-reaching.'"
14  *Murphy*, 362 F.3d at 1140, *citing Bremen*, 407 U.S. at 15. "A forum selection clause may be
15  unreasonable '(1) if the inclusion of the clause in the agreement was the product of fraud or
16  overreaching; (2) if the party wishing to repudiate the clause would effectively be deprived of his day
17  in court were the clause enforced; and (3) if enforcement would contravene a strong public policy of
18  the forum in which suit is brought.'" *Holland America Line*, No. 05-35572, 2007 U.S. App. LEXIS
19  1079, *11; *citing Murphy*, 362 F.3d at 1140.

20  Plaintiff contends that the forum selection clauses should not be enforced because the clauses
21  were not negotiated by the parties and because Defendant forced Plaintiff to sign the 2004 and 2005
22  Agreements on a "take it or leave it" basis. Valdes Decl., ¶ 3. Plaintiff contends that the non-
23  negotiability of the Agreements and the overwhelming bargaining power of the Defendant preclude
24  enforcement of the forum selection clauses under *Bremen*.

25  *A. Non-Negotiability of the 2004 & 2005 Agreements*

26  Plaintiff's first argument is that the non-negotiability of the 2004 and 2005 Agreements renders
27  the forum selection clauses contained therein unreasonable under *Bremen* because it indicates fraud
28  or overreaching by Defendant. This argument is similar to one rejected by the Court of Appeals for

the Ninth Circuit in *Murphy v. Schneider International Inc.*, 362 F.3d 1133 (9th Cir. 2003). In *Murphy*, the Plaintiff argued that the non-negotiability and take it or leave it status of a contract rendered the contract's forum selection clause unenforceable. The Court of Appeal for the Ninth Circuit, however, rejected the argument, and held that "a differential in power or education on a non-negotiated contract will not vitiate a forum selection clause." *Id.* at 1141. The Court also concluded that the evidence of overreaching and unequal bargaining power submitted to the district court was "not enough to overcome the strong presumption in favor of enforcing forum selection clauses." *Id. Murphy* applies here. While Plaintiff's argument in this case centers on the non-negotiability of the 2004 and 2005 Agreements, the non-negotiability of a contract alone is not enough to preclude enforcement of a contractual forum selection clause. *Murphy*, 362 F.3d at 1141; *see also Carnival Cruise Lines v. Shute*, 499 U.S. 585, 593 (1991); *Fireman's Fund Insurance Co. v. M.V. DSR Atlantic*, 131 F.3d 1336, 1338-39 (9th Cir. 1997). There are no allegations that Defendant fraudulently induced Plaintiff into entering into the Agreements, and Plaintiff provides little evidence indicating the extent and breadth of any bargaining power-differential which may exist between Plaintiff and Defendant. Aside from the 2005 Agreement's choice of law provision, Plaintiff does not provide any evidence of a power differential outside of Defendant's admission that it is one of the largest seafood companies in the United States. Assuming the truth of Plaintiff's assertions and declarations, the Court concludes that Plaintiff has not met its burden in attempting to set aside the forum selection clause on the grounds that the clauses were not negotiable. Rather, the Court concludes that "[t]o decline the enforcement of [the] forum selection [clause] merely on the showing of non-negotiability and power difference . . . would disrupt the settled expectations of the parties . . . ." *Murphy*, 362 F.3d at 1141.

   *B. Whether Plaintiff will lose its day in court if forced to litigate in Mexico*

In addition to its arguments related to the negotiability of the 2004 and 2005 Agreements, Plaintiff contends that venue in Mexico would be so inconvenient that Plaintiff will "lose its day in court" if it is forced to litigate this matter in Mexico. Plaintiff's Opp. to Def. Mot. To Dismiss at 9. While a court can refuse to enforce a forum selection clause where "the party wishing to repudiate the clause would effectively be deprived of his day in court were the clause enforced," this Court concludes that Plaintiff would not be deprived of its day in court if forced to litigate in Mexico.

*Holland America Line*, No. 05-35572, 2007 U.S. App. LEXIS 1079, *11; *Murphy*, 362 F.3d at 1140. Plaintiff is a Mexican corporation, and venue in Mexico would likely be closer to Plaintiff's principal place of business than venue in San Diego. In addition, Plaintiff has not submitted affidavits or declarations which establish that venue in Mexico would be "manifestly and gravely inconvenient" for Plaintiff. *Bremen*, 407 U.S. at 19. Plaintiff's argument in its briefing that venue in San Diego would more convenient than venue in Mexico does not carry Plaintiff's burden to establish that venue in Mexico, as the contractually agreed upon forum, would be "manifestly and gravely inconvenient." *Bremen*, 407 U.S. at 19.

Plaintiff also contends that certain claims alleged in the Complaint cannot be brought in Mexican courts, and that this fact deprives Plaintiff of its day in court. Whether a claim related to the 2004 and 2005 Agreements can be alleged in a forum is dependent on the choice of law clauses in the 2004 and 2005 Agreements, and does not necessarily bear on enforcement of the forum selection clause. *See e.g. Multimin USA v. Walco International, Inc.*, CV F 06-0226 AWI SMS, 2006 U.S. Dist. LEXIS 33624, *17 (E.D. Cal. Apr. 11, 2006); *Swenson v.T-Mobile United States, Inc.*, 415 F. Supp. 2d 1101, 1104-05 (S.D. Cal. 2006). Additionally, the fact that one forum might provide for different claims than another forum does not preclude enforcement of a forum selection clause. *Fireman's Fund Insurance*, 131 F.3d at 1338. Here, there is evidence that Plaintiff will not be able to assert certain state law claims against Defendant in Mexico. Canale Decl. at 2-3. However, there is also evidence that Plaintiff will be able to bring breach of contract claims against Defendant in Mexico, and may seek specific enforcement, rescission, and or damages. Canale Decl. at 2. It is Plaintiff's burden to show that enforcement of the forum selection clause would be so inconvenient for Plaintiff that it would deprive Plaintiff of its day in court. *Bremen*, 407 U.S. at 19. After reviewing Plaintiff's arguments, the Court concludes that Plaintiff has not met its burden and has not shown that enforcement of the forum selection clause would deprive Plaintiff of its day in Court. *Fireman's Fund Insurance*, 131 F.3d 1338.

The Court concludes that the forum selection clauses contained in the 2004 and 2005 Agreements must be enforced under *Bremen*.

**II.  Application of Forum Selection Clause to All Claims**

Plaintiff contends that, notwithstanding the enforceability of the forum selection clause, its claims for unfair competition, interference with existing contractual relations, and interference with prospective economic advantage are not related to the 2004 and 2005 Agreements and therefore should not be dismissed for improper venue.  Defendant rejects that argument, and contends that Plaintiff's claims for unfair competition, interference with existing contractual relations, and interference with prospective economic advantage relate to the alleged breach of contract, and otherwise relate to the 2004 and 2005 Agreements.

"Whether a forum selection clause applies to tort claims depends on whether resolution of the claims relates to the interpretation of the contract."  *Manetti-Farrow*, 858 F.2d at 514; *see also Modius, Inc. v. Psinaptic, Inc.*, No. C 06-02074 SI, 2006 U.S. Dist. LEXIS 28862, *20-22 (N.D. Cal. May 2, 2006).  Accordingly, the Court must determine whether resolution of Plaintiff's claims for unfair competition, interference with existing contractual relations, and interference with prospective economic advantage relates to the interpretation of the 2004 and 2005 Agreements.  *Manetti-Farrow*, 858 F.2d at 514.

In support of its claim for unfair competition, Plaintiff alleges that Defendant (a) breached the 2004 Agreement, (b) breached the 2005 Agreement, (c) and intentionally induced Plaintiff to harvest shrimp pursuant to the Agreements with no intention of purchasing the shrimp in accordance with the Agreements.  Complaint, ¶ 67.  As pled, the Court concludes that Plaintiff's claim for unfair competition requires interpretation of the 2004 and 2005 Agreements, and therefore that claim is subject to the forum selection clauses.

With respect to its claims for interference with existing contractual relations and interference with prospective economic advantage, Plaintiff alleges that Defendant intentionally and negligently interfered with Plaintiff's contractual relations with other United States shrimp distributors.  Complaint, ¶¶ 88-103. Specifically, Plaintiff alleges that Defendant knew about Plaintiff's contracts with other distributors, and intentionally interfered with those contracts by notifying those distributors that Defendant had exclusive contracts with third-party shrimp producers.  In alleging its claims for interference, Plaintiff realleges and incorporates by reference each and every other allegation

contained in the Complaint, including those related to Plaintiff's claim for breach of contract. Complaint, ¶¶ 88, 96.

The Court concludes that resolution of Plaintiff's claims for interference with existing contractual relations and interference with prospective economic advantage relates to "the central conflict over the interpretation" of the 2004 or 2005 Agreements. *Manetti-Farrow*, 858 F.2d at 514. While there are allegations supporting the claims for interference that appear distinct from the contract, Plaintiff has chosen to reallege in its interference claims every allegation contained in the Complaint, most of which relate to its contract dispute with Defendant. The Court concludes that, as pled in the Complaint, Plaintiff's claims for interference with existing contractual relations and interference with prospective economic advantage are subject to the forum selection clauses in the 2004 and 2005 Agreements.

## CONCLUSION

The Court concludes that Plaintiff has not carried its burden in establishing the unreasonableness of the forum selection clauses in the 2004 and 2005 Agreements. Accordingly, the Court will enforce the forum selection clauses with respect to all claims in the Complaint.

**IT IS HEREBY ORDERED** that:

Defendant's motion to dismiss for improper venue (Doc. # 5) is GRANTED with respect to each of Plaintiff's claims, and the Complaint is dismissed in its entirety.

**IT IS SO ORDERED**.

DATED: May 31, 2007

**WILLIAM Q. HAYES**
United States District Judge